UNITED STATES DISTRICT COURT                                              ECF CASE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
GEORGE CLAIR and LAURENCE, SCOTT AND                              :
ELECTROMOTORS, INC.,                                              :
                                                                  :
        Plaintiffs,                                               :
                                                                  :   Case No. 07 Civ. 6147 (VM)
        - against -                                               :
                                                                  :
FAUNUS GROUP INTERNATIONAL, INC.                                  :
                                                                  :
        Defendant.                                                :
                                                                  :
------------------------------------------------------------------x
                                                                  :
FAUNUS GROUP INTERNATIONAL, INC.                                  :
                                                                  :
        Defendant and Interpleading Plaintiff,                    :
                                                                  :
        - against -                                               :
                                                                  :
LAURENCE, SCOTT AND                                               :
ELECTROMOTORS LIMITED (In Administration)                         :
                                                                  :
        Interpleaded Defendant.                                   :
                                                                  :
------------------------------------------------------------------x

NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK:

Pursuant to 28 U.S.C. §§ 1334(b), 1335(a), 1441(a) and 1452, and Rule 9027 of the

Federal Rules of Bankruptcy Procedure, Laurence, Scott & Electromotors Limited (In

Administration)("LS&E, Ltd." or "Debtor"), through its legal representatives, Andrew John

Pepper and Alastair Paul Beveridge, duly appointed in the United Kingdom as Joint

Administrators pursuant to the Insolvency Act of 1986 of England and Wales (the "Joint

Administrators"), by their United States counsel, Nixon Peabody LLP, files this Notice of

Removal of the entire action captioned *George Clair, and Laurence, Scott and Electromotors, Inc.*, Plaintiffs, v. *Faunus Group International, Inc.*, Defendant and Interpleading Plaintiff v. *Laurence, Scott & Electromotors Limited (In Administration)*, Interpleaded Defendant, Index No. 601679/07 (the "FGI Action"), pending in the Supreme Court of the State of New York, New York County (the "State Court"), to the United States District Court for the Southern District of New York. In support of this Notice of Removal, the Joint Administrators respectfully represent:

## PARTIES

1. George Clair ("Clair"), upon information and belief, is a U.S. citizen with a residence at 1468 Hollow Road, Birchrunville, Pennsylvania 19421.

2. Laurence, Scott and Electromotors, Inc. ("LSE, Inc.") is, upon information and belief, a Delaware corporation with offices at 1230 Avenue of the Americas, 7th Floor, New York, New York 10020, and wholly owned by Clair.

3. Faunus Group International, Inc. ("FGI") is, upon information and belief, a Delaware corporation with offices at 80 Broad Street, 22nd Floor, New York, New York 10005.

4. Laurence, Scott & Electromotors Limited (In Administration) (previously defined as "LS&E, Ltd.") is an English corporation with offices at Hardy Road, Norwich, England, United Kingdom, and is currently in bankruptcy proceedings (known as "Administration") in the United Kingdom. Andrew John Pepper and Alastair Paul Beveridge, are the duly appointed joint administrators of LS&E, Ltd. and have fully authority to act for LS&E, Ltd. in this proceeding.

## BACKGROUND

5. Clair was the chief executive officer of LS&E, Ltd. and is its sole shareholder.

6. LSE, Inc., upon information and belief, continues to be owned by (and was formed by) Clair.

7.	The FGI Action allegedly arises from a certain Sale of Accounts and Security Agreement by and among LSE, Inc. and FGI dated as of November 8, 2005 (the "Agreement").

8.	On or about April 25, 2007 LSE, Inc. allegedly paid $720,000 in funds (the "Disputed Funds") to FGI pursuant to the Agreement.

9.	On or about May 18, 2007, Clair and LSE, Inc. commenced the FGI Action against FGI for recovery of the Disputed Funds, by the filing of a Summons and Complaint in the State Court (the "State Court Complaint").

10.	On or about June 26, 2007, FGI answered the State Court Complaint and simultaneously filed a third-party Interpleader Complaint against LS&E, Ltd. with respect to the Disputed Funds, in the State Court.

## THE U.K. INSOLVENCY PROCEEDINGS OF LS&E, LTD.

11.	In March and April, 2007, Her Majesty's Revenue and Customs, and Clair, filed separate competing insolvency proceedings in England against LS&E, Ltd. Ultimately, on May 8, 2007, FGI -- as first secured creditor of LS&E, Ltd. -- placed LS&E, Ltd. into an Administration proceeding (similar to a Chapter 11 reorganization under the United States Bankruptcy Code), superseding all other insolvency proceedings, and Andrew John Pepper and Alastair Paul Beveridge were appointed as joint administrators of LS&E, Ltd. by the High Court of Justice, Chancery Division, Companies Court in the United Kingdom.

12.	The Joint Administrators are reviewing the books and records of Debtor LS&E, Ltd. for evidence of wrongdoing by Mr. Clair, including, but not limited to, wrongdoing regarding the Disputed Funds. The Joint Administrators believe that the Disputed Funds are an asset of the LS&E, Ltd.

13.     The Joint Administrators, on behalf of LS&E, Ltd., on the one hand, and each of Clair and LSE, Inc., on the other, have asserted entitlement to the Disputed Funds. In its pleadings in the FGI Action, FGI has acknowledged that it no longer has a claim to the Disputed Funds and agrees to pay the Disputed Funds to the rightful owner, once such owner is determined. As a result, FGI interpleaded LS&E, Ltd. into the FGI Action on or about June 26, 2007, so that the owner of the Disputed Funds could be determined.

### THE U.S. BANKRUPTCY PROCEEDINGS OF LS&E, LTD.

14.     On June 29, 2007 (the "Petition Date"), the Joint Administrators filed a voluntary Chapter 15 petition on behalf of LS&E, Ltd., pursuant to Title 11 of the United States Code (the "Bankruptcy Code"), commencing a case under Chapter 15 of the Bankruptcy Code (the "Chapter 15 Case"), case number 07-12017 (RDD), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

15.     The claims asserted in the FGI Action are removable pursuant to 28 U.S.C. § 1452(a), as this Court has jurisdiction over those claims pursuant to 28 U.S.C. § 1334(b) because they relate to the Debtor's Chapter 15 Case. The Disputed Funds are, to the Joint Administrators' knowledge, the primary significant assets of the LS&E, Ltd. Administration estate located in the United States. Further, the FGI Action sounds in interpleader, and thus is also removable pursuant to 28 U.S.C. §§ 1335(a) and 1441(a) in that the amount in controversy exceeds the sum of $500 and the action (properly excluding the stakeholder, FGI) is between adverse claimants of diverse citizenship.

16.     The FGI Action must be removed in order to allow the Joint Administrators an unobstructed opportunity to administer the affairs of LS&E, Ltd. through the Administration and the Chapter 15 Case. Removal, and referral of this case to the Bankruptcy Court for the

Southern District of New York, best facilitates that goal, and judicial efficiency, by concentrating all matters related to LS&E, Ltd. before one court.

17. This case is a related proceeding pursuant to the provisions of 28 U.S.C. § 157(a), and therefore is within the jurisdiction of the Bankruptcy Court pursuant to the latter statute and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court of the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

18. Copies of all significant pleadings filed in this case to date are attached hereto as Exhibit "1." Attached as Exhibit "2" is a copy of Notice of Appointment of the Joint Administrators dated May, 8, 2007, by which they were placed in control of LS&E, Ltd. Attached as Exhibit "3" is a copy of the Petition (without Exhibits) filed in the Chapter 15 Case.

19. Upon removal, the claims in the FGI Action are core proceedings related to the Chapter 15 Case within the meaning of 28 U.S.C. § 157(b)(2)(E) and (P) as this action relates to the Chapter 15 Case and the Chapter 15 relief sought therein, including without limitation the determination of (1) ownership of funds and assets in the United States that are part of the LS&E, Ltd. Administration estate, and ultimately (2) proper transfer of those assets to the Joint Administrators pursuant to 11 U.S.C. §§ 1520 and 1521.

20. Specifically, upon filing a petition for recognition under Chapter 15, the Bankruptcy Court may entrust "the administration or realization of all or part of the debtor's assts located in the United States to the foreign representative . . . in order to protect and preserve the value of assets that by their nature or because of other circumstances, are . . . susceptible to devaluation or otherwise in jeopardy." 11 U.S.C. § 1519(a)(2). Likewise, upon the entry of recognition relief under 11 U.S.C. §§ 1520 and 1521(a)(5) and (b), the Bankruptcy Court will determine the entitlement of the Joint Administrators to receive LS&E, Ltd.'s assets in the

United States, for centralized distribution to its lawful creditors pursuant to U.K. insolvency law. As such, it is the Petitioners' duty in this case to protect the assets of the Debtor's estate which is the subject of the FGI Action, and that will occur through proceedings before the Bankruptcy Court.

21. In the event it is determined that this case is a non-core proceeding, LS&E, Ltd. consents to the entry of a final order or judgment by the Bankruptcy Court.

22. LS&E, Ltd. will give written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

23. A copy of this Notice will be filed with the Clerk of the State Court as required by 28 U.S.C. § 1446(d).

24. LS&E, Ltd., hereby removes the FGI Action from the State Court.

Dated:  New York, New York
        June  29 , 2007

                                    NIXON PEABODY LLP

                                    By: /s/ Robert N. H. Christmas
                                        Robert N. H. Christmas (RC 6189)

                                    Dennis J. Drebsky (DD 4579)
                                    Christopher M. Desiderio (CD 6929)
                                    437 Madison Avenue
                                    New York, New York 10022
                                    Telephone: (212) 940-3000
                                    Facsimile: (212) 940-3111

                                    Counsel for Andrew John Pepper and Alastair Paul
                                    Beveridge, Joint Administrators of Laurence, Scott
                                    and Electromotors Limited (In Administration),
                                    *Interpleaded Defendant*