UNITED STATES DISTRICT COURT                                              ECF CASE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
GEORGE CLAIR and LAURENCE, SCOTT AND                             :
ELECTROMOTORS, INC.,                                             :
                                                                 :
            Plaintiffs,                                          :
                                                                 :      Case No. 07 Civ. 6147 (VM)
            - against -                                          :
                                                                 :
FAUNUS GROUP INTERNATIONAL, INC.                                 :
                                                                 :
            Defendant.                                           :
                                                                 :
-----------------------------------------------------------------x
                                                                 :
FAUNUS GROUP INTERNATIONAL, INC.                                 :
                                                                 :
            Defendant and Interpleading Plaintiff,               :
                                                                 :
            - against -                                          :
                                                                 :
LAURENCE, SCOTT AND                                              :
ELECTROMOTORS LIMITED (In Administration)                        :
                                                                 :
            Interpleaded Defendant.                              :
                                                                 :
-----------------------------------------------------------------x

Notice of Removal - Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

GEORGE CLAIR and LAURENCE, SCOTT AND ELECTROMOTORS, INC.,

    Plaintiffs,

-against-

FAUNUS GROUP INTERNATIONAL, INC.,

    Defendant.

------------------------------------------------------------X

FAUNUS GROUP INTERNATIONAL, INC.,

    Defendant and Interpleading Plaintiff,

-against-

LAURENCE, SCOTT AND ELECTROMOTORS LIMITED (In Administration),

    Interpleaded Defendant.

------------------------------------------------------------X

Index No.: 07/601679

Interpleader Index No.:

Date Purchased:

**INTERPLEADER COMPLAINT**

NEW YORK
COUNTY CLERK'S OFFICE

JUN 2 6 2007

NOT COMPARED
WITH COPY FILE

Defendant and interpleading plaintiff Faunus Group International, Inc. ("FGI"), by its attorneys Blank Rome LLP, as and for its interpleader complaint against Laurence, Scott and Electromotors Limited (In Administration) ("LSE Limited") alleges as follows:

**PRELIMINARY STATEMENT**

1. FGI brings this interpleader action to resolve competing claims to the sum of $720,000 (the "Disputed Funds") currently held by FGI. Pursuant to a contractual agreement between FGI and Plaintiff Laurence, Scott and Electromotors, Inc. ("LSE, Inc."), Plaintiff George Clair ("Clair"), chairman and chief executive officer of LSE, Inc., caused the Disputed Funds to be paid to FGI. Subsequently, Plaintiffs sued FGI in the above-captioned action,

alleging that FGI is not entitled to retain the Disputed Funds and demanding that FGI pay the Disputed Funds to Plaintiffs. However, LSE Limited, a company that is currently in bankruptcy in the United Kingdom but was previously operated by Clair, has advised FGI that it, too, has a claim against the Disputed Funds. The court-appointed joint administrators of LSE Limited have threatened to sue FGI if it erroneously pays the Disputed Funds to Plaintiffs rather than to LSE Limited.

2. FGI therefore files the instant interpleader complaint in order to achieve a comprehensive resolution of the dispute and avoid the possibility of multiple claims against FGI regarding the same Disputed Funds. FGI demands judgment permitting it (1) to pay the Disputed Funds, minus costs and attorney's fees, to the court or other appropriate entity and (2) to be discharged from liability to the remaining parties.

**PARTIES**

3. FGI, defendant and interpleading plaintiff, is a Delaware corporation licensed to do business in New York, with a principal place of business at 80 Broad St., 22d floor, New York, NY 10004.

4. Upon information and belief, Interpleaded Defendant LSE Limited is a United Kingdom company with its principal place of business in Norwich, England. LSE Limited is currently in bankruptcy in the United Kingdom.

5. Upon information and belief, Plaintiff LSE, Inc. is a Delaware corporation with a place of business at Rockefeller Center, 1230 Avenue of the Americas, Seventh Floor, New York, NY 10020.

6. Upon information and belief, Plaintiff Clair is chairman and chief executive officer of LSE, Inc., and is the sole shareholder and was formerly the chief executive officer of

2

LSE Limited.

## BACKGROUND FACTS

7. LSE, Inc. and FGI are parties to a Sale of Accounts and Security Agreement ("Agreement") dated November 8, 2005.

8. As of April 2007, LSE, Inc. owed a debt to FGI pursuant to the Agreement.

9. On or about April 25, 2007, Clair, who is the chairman and chief executive officer of LSE, Inc., caused $720,000 (the "Disputed Amount") to be paid to FGI.

10. On May 8, 2007, Andrew John Pepper and Alastair Paul Beveridge, both of Kroll Limited, were appointed joint administrators of LSE Limited ("Joint Administrators") by the High Court of Justice, Chancery Division, Companies Court in the United Kingdom.

11. Upon information and belief, the Joint Administrators are reviewing the accounts of LSE Limited for evidence of wrongdoing by Clair, including but not limited to wrongdoing regarding the Disputed Funds.

12. On May 18, 2007, Plaintiffs served a complaint on FGI in the instant lawsuit, alleged that FGI is not entitled to retain the Disputed Funds, and demanded that FGI pay the Disputed Funds to Plaintiffs. A copy of the complaint is attached hereto as Exhibit A.

13. Meanwhile, the Joint Administrators have advised FGI that LSE Limited also has a claim to the Disputed Funds. They have threatened to sue FGI to recover the Disputed Funds if FGI pays the Disputed Funds to Plaintiffs Clair and LSE, Inc., rather than to Interpleaded Defendant LSE Limited.

14. FGI no longer has a claim to the Disputed Funds and stands ready to pay the Disputed Funds to their rightful owner. However, FGI is unable to determine the rightful owner of the Disputed Funds.

15. FGI therefore brings this action in order to interplead LSE Limited, pay the Disputed Funds into court or another appropriate location, and be discharged from all liability regarding the Disputed Funds by Clair, LSE, Inc. and LSE Limited.

WHEREFORE, defendant and interpleading plaintiff FGI demands judgment that:

a. FGI be permitted to deliver the Disputed Funds to the court or a person designated by this court to await final determination of this action or be permitted to retain the Disputed Funds to the credit of this action until final judgment has been entered;

b. Upon delivery of the Disputed Funds to the court or other disposition thereof as ordered by the court, FGI be discharged from further liability to any of the parties in this action;

c. The costs, expenses and disbursements of FGI be paid and charged against the subject matter of this action;

d. FGI have such other and further relief as this court deems proper.

Dated: June 26, 2007

BLANK ROME LLP

By: _____
Leonard Steinman
Harris N. Cogan
Jennifer S. Smith
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendant and Interpleading Plaintiff Faunus Group Int'l, Inc.*

Exhibit A

Case 1:07-cv-06147-VM    Document 1-2    Filed 06/29/2007    Page 6 of 17

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

GEORGE CLAIR and LAURENCE, SCOTT AND ELECTROMOTORS, INC.,

                Plaintiffs,

- against -

FAUNUS GROUP INTERNATIONAL, INC.,

                Defendant.

Index No. 601679/07
Date Purchased: 05/18/07

**SUMMONS**

Plaintiff designates
NEW YORK COUNTY
As Place of Trial

---

**TO THE ABOVE NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiffs' attorney, at the address below, an answer the Complaint in this action within TWENTY (20) days after the service of this summons exclusive of the day of service or within THIRTY (30) days after the service is complete if this summons is not personally delivered to you within the State of New York. In the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint, together with the costs of this action.

The basis of the venue is that of the County of Residence of the plaintiff Laurence, Scott and Electromotors, Inc., which is Rockefeller Center, 1230

Avenue of the Americas, Seventh Floor, New York, New York 10020, New York County.

Dated: New York, New York
       May 18, 2007

                                            EATON & VAN WINKLE LLP

                                            By /s/ Joseph T. Johnson
                                                Joseph T. Johnson

                                            3 Park Avenue
                                            New York, New York 10016
                                            (212) 779-9910

                                            Attorneys for Plaintiffs

TO:
Faunus Group International, Inc.
80 Broad Street
22nd Floor
New York, New York 10004

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

GEORGE CLAIR and LAURENCE, SCOTT AND ELECTROMOTORS, INC.,

    Plaintiffs,

- against -

FAUNUS GROUP INTERNATIONAL, INC.,

    Defendant.

Index No.

**COMPLAINT**

Plaintiffs, George Clair ("Clair") and Laurence, Scott and Electromotors, Inc. ("LSE"), by their attorneys, Eaton & Van Winkle LLP, as and for their complaint in the above-entitled action, hereby allege, on knowledge as to their own acts, and otherwise on information and belief, as follows:

### The Parties

1. Clair is the Chairman and Chief Executive Officer of LSE.

2. LSE is a Delaware corporation with a place of business at Rockefeller Center, 1230 Avenue of the Americas, Seventh Floor, New York, New York 10020.

3. Upon information and belief, Defendant Faunus Group International, Inc. ("FGI") is a Delaware corporation registered to do business in the State of New York with a place of business at 80 Broad Street, 22nd Floor, New York, New York 10004.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

4. LSE and FGI are parties to a Sale of Accounts and Security Agreement (the "Factoring Agreement"), dated November 8, 2005.

5. Pursuant to the Factoring Agreement:

   a. LSE agreed to sell and FGI agreed to buy certain accounts of LSE; and

   b. FGI is entitled to withhold credits otherwise due to LSE in a required reserve account;

6. As of April 25, 2007, FGI had title to $2,164,538 in accounts purchased from LSE and there was a balance of $1,129,110 in the required reserve account for the benefit of FGI, leaving exposure of no more than $602,520 in purchased, but uncollected, accounts.

7. On or about April 25, 2007, Clair transferred $720,000.00 to FGI ("Clair's Transferred Funds") in respect of a contemplated transaction which was never consummated.

8. Since April 25, 2007, in due course, FGI has received all monies owed in respect of the $2,164,538 in accounts purchased from LSE, either from the reserved account, from each respective account-payable holder, or from both sources.

9. Despite repeated demands, FGI has refused to return Clair's Transferred Funds.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST FGI
(Money Had and Received)

10. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 9 hereof as if fully set forth herein.

11. FGI received Clair's Transferred Funds.

12. FGI has benefited from its receipt of Clair's Transferred Funds.

13. Clair's Transferred Funds are the property of, and rightfully belong to, Clair.

14. Under principles of equity and good conscience, FGI should not be permitted to keep Clair's Transferred Funds.

15. By reason of the foregoing, Clair hereby states a claim against FGI for money had and received, and Clair has suffered damages in an amount to be determined at trial, but which is not less than $720,000, for which FGI is liable.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST FGI
(Conversion)

16. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 15 hereof as if fully set forth herein.

17. Upon information and belief, FGI applied Clair's Transferred Funds towards monies owed to FGI as a result of it purchase of accounts from LSE.

18. Upon information and belief, in due course, FGI thereafter received all monies previously owed in respect of the accounts purchased from LSE.

19. Despite repeated demands, FGI has refused to return Clair's Transferred Funds or to credit and refund LSE in an amount equal to Clair's Transferred Funds.

20. FGI's actions constitute a conversion of LSE's property.

21. By reason of the foregoing, LSE has suffered damages in an amount to be determined at trial, but which is not less than $720,000, for which FGI is liable.

**WHEREFORE**, Plaintiffs Clair and LSE demand judgment against FGI as follows:

a. With respect to the first cause of action, a money judgment in favor of Clair and against FGI in an amount to be determined at trial, but which is not less than $720,000;

b. With respect to the second cause of action, a money judgment in favor of LSE and against FGI in an amount to be determined at trial, but which is not less than $720,000; and

c. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 18, 2007

EATON & VAN WINKLE LLP

By _____
Joseph T. Johnson

3 Park Avenue
New York, New York 10016
(212) 779-9910

Attorneys for Plaintiffs

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
GEORGE CLAIR and LAURENCE, SCOTT AND : Index No.: 07/601679
ELECTROMOTORS, INC.,                  :
                                      :
                    Plaintiffs,       :
                                      :
        -against-                     :
                                      :
FAUNUS GROUP INTERNATIONAL, INC.,     :   **ANSWER WITH**
                                      :   **INTERPLEADER**
                    Defendant.        :   **COUNTERCLAIM**
                                      :
----------------------------------------X
                                      :
FAUNUS GROUP INTERNATIONAL, INC.,     :
                                      :
    Defendant and Interpleading Plaintiff, :
                                      :
        -against-                     :
                                      :
LAURENCE, SCOTT AND ELECTROMOTORS     :
LIMITED (In Administration),          :
                                      :
        Interpleaded Defendant.       :
                                      :
----------------------------------------X

Defendant Faunus Group International, Inc. ("FGI"), by its attorneys Blank Rome LLP, answering the complaint of plaintiffs George Clair ("Clair") and Laurence, Scott and Electromotors, Inc. ("LSE, Inc.") alleges as follows:

**ANSWER**

1.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in paragraph 1 of the Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in paragraph 2 of the Complaint.

3.    Admits the allegations contained in paragraph 3 of the Complaint.

4. Admits the allegations contained in paragraph 4 of the Complaint.

5. Denies the allegations contained in paragraph 5 of the Complaint, except that to the extent paragraph 5 seeks to characterize the terms of a contract between the parties, FGI refers the Court to the contract itself.

6. Denies the allegations contained in paragraph 6 of the Complaint.

7. Denies the allegations contained in paragraph 7 of the Complaint, except admits that FGI received $720,000 on or about April 25, 2007.

8. Denies the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 9 of the Complaint, except admits that FGI retains possession of the $720,000 received on or about April 25, 2007.

10. Repeats and realleges each and every response contained in paragraphs 1 through 9 as if fully set forth herein.

11. Denies the allegations contained in paragraph 11 of the Complaint, except admits that FGI received $720,000 on or about April 25, 2007.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Repeats and realleges each and every response contained in paragraphs 1 through 15 as if fully set forth herein.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. All remaining allegations not specifically admitted herein are denied.

## AS AND FOR A COMPLETE DEFENSE AND COUNTERCLAIM TO THE COMPLAINT

### PARTIES

23. FGI, defendant and interpleading plaintiff, is a Delaware corporation licensed to do business in New York, with a principal place of business at 80 Broad St., 22d floor, New York, NY 10004.

24. Upon information and belief, Interpleaded Defendant LSE Limited is a United Kingdom company with its principal place of business in Norwich, England. LSE Limited is currently in bankruptcy in the United Kingdom.

25. Upon information and belief, Plaintiff LSE, Inc. is a Delaware corporation with a place of business at Rockefeller Center, 1230 Avenue of the Americas, Seventh Floor, New York, NY 10020.

26. Upon information and belief, Plaintiff Clair is chairman and chief executive officer of LSE, Inc., and is the sole shareholder and was formerly the chief executive officer of LSE Limited.

### BACKGROUND FACTS

27. LSE, Inc. and FGI are parties to a Sale of Accounts and Security Agreement ("Agreement") dated November 8, 2005.

28. As of April 2007, LSE, Inc. owed a debt to FGI pursuant to the Agreement.

29. On or about April 25, 2007, Clair, who is the chairman and chief executive officer of LSE, Inc., caused $720,000 (the "Disputed Amount") to be paid to FGI.

30. On May 8, 2007, Andrew John Pepper and Alastair Paul Beveridge, both of Kroll Limited, were appointed joint administrators of LSE Limited ("Joint Administrators") by the High Court of Justice, Chancery Division, Companies Court in the United Kingdom.

31. Upon information and belief, the Joint Administrators are reviewing the accounts of LSE Limited for evidence of wrongdoing by Clair, including but not limited to wrongdoing regarding the Disputed Funds.

32. On May 18, 2007, Plaintiffs served a complaint on FGI in the instant lawsuit, alleged that FGI is not entitled to retain the Disputed Funds, and demanded that FGI pay the Disputed Funds to Plaintiffs. A copy of the complaint is attached hereto as Exhibit A.

33. Meanwhile, the Joint Administrators have advised FGI that LSE Limited also has a claim to the Disputed Funds. They have threatened to sue FGI to recover the Disputed Funds if FGI pays the Disputed Funds to Plaintiffs Clair and LSE, Inc., rather than to Interpleaded Defendant LSE Limited.

34. FGI is unable to determine the rightful owner of the Disputed Funds.

35. FGI no longer has a claim to the Disputed Funds and stands ready to pay the Disputed Funds to whoever the court directs.

36. Subsequent to commencement of this action, on or about June 27, 2007, FGI as interpleading plaintiff served upon LSE Limited, as interpleaded defendant, a summons and interpleading complaint, thereby bringing LSE Limited into this action as a party.

WHEREFORE, defendant and interpleading plaintiff FGI demands judgment that:

    a. The complaint against FGI be dismissed;

b. Plaintiffs and LSE Limited be required to interplead together with respect to their claims to the Disputed Funds;

c. FGI be permitted to deliver the Disputed Funds to the court or a person designated by this court to await final determination of this action or be permitted to retain the Disputed Funds to the credit of this action until final judgment has been entered;

d. Upon delivery of the Disputed Funds to the court or other disposition thereof as ordered by the court, FGI be discharged from further liability to any of the parties in this action;

e. The costs, expenses and disbursements of FGI be paid and charged against the subject matter of this action;

f. FGI have such other and further relief as this court deems proper.

Dated: June 27, 2007

BLANK ROME LLP

By: _____
Leonard Steinman
Harris N. Cogan
Jennifer S. Smith
The Chrysler Building
405 Lexington Avenue
New York, New York  10174
(212) 885-5000

*Attorneys for Defendant and Interpleading Plaintiff Faunus Group Int'l, Inc.*

5